UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROSCOE WAYNE BANKS,
        Plaintiff,

v.                                              CIVIL ACTION NO. 17-10476-DJC

PETER KOUTOUJIAN, OSVALDO VIDAL,
and KATHY SCHULTZ.
        Defendants.

## MEMORANDUM AND ORDER

**CASPER, D.J.**                                                                       **August 14, 2017**

For the reasons stated below, plaintiff's motion to proceed *in forma pauperis* is allowed, a filing fee is assessed, and plaintiff is allowed to file an amended complaint.

I.    Background

On March 17, 2017, pro se prisoner plaintiff Roscoe Banks filed a two-page self-prepared complaint against Peter Kotoujian, Osvaldo Vidal, and Kathy Schultz. D.1. Plaintiff claims that on the afternoon of March 3, 2017, an unknown prison nurse administered him the wrong type of insulin. D.1, Compl. ¶ 6. Plaintiff claims to have developed symptoms of dizziness, drowsiness and a temperature of 103 degrees. D.1, Compl. ¶ 7. He also claims to have suffered hives and a constricted throat. D.1, Compl. ¶ 8. Later that evening, plaintiff was brought to the prison's medical unit where he was monitored for anaphylactic shock. D.1, Compl. ¶¶ 9-10. He remained there for three days while his symptoms abated. D.1, Compl. ¶ 11. Plaintiff seeks $50,000 in damages. D.1, Compl. ¶ 12. Also before the Court is plaintiff's motion to proceed *in forma pauperis* and certified prison account statement. D. 7 and 8.

II.  Discussion

    A.  Plaintiff's Motion to Proceed In Forma Pauperis

The Court has reviewed plaintiff's motion to proceed *in forma pauperis* (D. 7) and it will be allowed. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $52.33. The remainder of the fee, $297.67, shall be collected in accordance with 28 U.S.C. § 1915(b)(2). Because the plaintiff is proceeding in forma pauperis and is a prisoner, his complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(1). The Court must dismiss all claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). The Court liberally construes the complaint because plaintiff is proceeding *pro se*. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). As set forth below, Plaintiff's complaint as pleaded, fails to state a claim upon which relief may be granted and is therefore subject to dismissal. Plaintiff will, however, be permitted leave to amend his complaint.

    B.  Plaintiff's Complaint Fails to State An Eighth Amendment Claim

        1.  Plaintiff Fails to State a Claim upon which Relief May Be Granted under the Eighth Amendment

Plaintiff appears to bring this claim under 28 U.S.C. § 1983 as a deliberate indifference to his medical needs under the Eighth Amendment to the United States Constitution. "To succeed on an Eighth Amendment claim based on inadequate or delayed medical care, a plaintiff must satisfy both a subjective and objective inquiry: he must show first, 'that prison officials possessed a sufficiently culpable state of mind, namely one of 'deliberate indifference' to an inmate's health or safety,' and second, that the deprivation alleged was 'objectively, sufficiently serious.'" Leavitt v. Corr. Med. Servs., Inc., 645 F.3d 484, 497 (1st Cir. 2011)(quoting Bureel v. Hampshire County, 307 F.3d 1, 8 (1st Cir. 2002)).

Plaintiff has not alleged "deliberate indifference" and therefore his complaint fails to state ca claim upon which relief may be granted. A showing of deliberate indifference "encompasses a narrow band of conduct: subpar care amounting to negligence or even malpractice does not give rise to a constitutional claim [citation omitted]; rather, the treatment provided must have been so inadequate as to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind." Leavitt v. Corr. Med. Servs., Inc., 645 F.3d 484, 497 (1st Cir. 2011)(citations and quotations omitted). One manner of demonstrating deliberate indifference is "evidence that the failure in treatment was purposeful, such as for the purpose of punishment." Kosilek v. Spencer, 774 F.3d 63, 83 (1st Cir. 2014). "[D]eliberate indifference may also be exhibited by a wanton disregard to a prisoner's needs….akin to criminal recklessness, requiring consciousness of impending harm, easily preventable." Kosilek v. Spencer, 774 F.3d 63, 83 (1st Cir. 2014)(citations omitted). "[C]arelessness or inadvertence falls short of the Eighth Amendment standard of deliberate indifference." Leavitt v. Corr. Med. Servs., Inc., 645 F.3d 484, 498 (1st Cir. 2011). In sum, "[t]he courts have consistently refused to…conclude that simple medical malpractice rises to the level of cruel and unusual punishment." Watson v. Caton, 984 F.2d 537, 540 (1st Cir. 1993)).

Here, the complaint provides no allegations concerning why plaintiff was administered the wrong insulin. Without other facts, it appears plaintiff alleges, at most, a claim for medical malpractice. Such a claim does not necessarily rise to the level of an Eighth Amendment violation. See Rix v. Strafford Cty. Dep't of Corr., No. CIV. 05CV354JD, 2006 WL 2873623, at *2 (D.N.H. Oct. 5, 2006)(dismissing deliberate indifference count where nurse was unaware of the danger of administering mixed insulin); Hunter v. Gomez, No. 1:11-CV-00758-BAM PC, 2012 WL 12906282, at *3 (E.D. Cal. June 22, 2012), aff'd, 536 F. App'x 750 (9th Cir. 2013)(dismissing

Eighth Amendment claim on medical malpractice of nurse); Mitchell v. Galey, No. 1:14-CV-00317-LJO-SK, 2015 WL 3402982, at *5 (E.D. Cal. May 27, 2015), appeal dismissed (Mar. 21, 2016)(report and recommendation for sua sponte dismissal of Eighth Amendment claim pleading medical malpractice of nurse administering insulin).

### 2. Plaintiff's Supervisory Claims Fail under 28 U.S.C. § 1983

Even if the complaint were sufficiently pleaded to allege an Eighth Amendment violation, it would still would be subject to dismissal because the plaintiff does not name the nurse that allegedly administered the wrong insulin as a defendant. Rather, plaintiff brings suit against supervisory personnel who apparently had no involvement with the alleged incident. "It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable'" under 28 U.S.C. § 1983. Velez-Rivera v. Agosto-Alicea, 437 F.3d 145, 156 (1st Cir. 2006) (quoting Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005)). "A plaintiff must show an affirmative link between the subordinate [employee] and the supervisor, whether through direct participation or through conduct that amounts to condonation or tacit authorization.'" Id. (quoting Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000)). There are no allegations against any of the named defendants in the complaint. Accordingly, the claims against all of the named defendants are subject to dismissal.

### 3. Plaintiff May Amend His Complaint

In light of the above, if the plaintiff can assert facts that cure the substantive deficiencies set forth above, he must file, by September 11, 2017, an amended complaint setting forth plausible claims upon which relief may be granted. In preparing the amended complaint, plaintiff should focus on the legal claims against each defendant, and the factual basis for such claims. See Fed. R. Civ. P. 8 and 10. In other words, plaintiff should set forth minimal facts as to who did what to

whom, when, where, and why. He should not assert claims collectively against the defendants, but should parcel out the claims against each defendant separately. He also should not assert multiple causes of action against a defendant in one count; rather, he should identify separately each cause of action and the grounds therefore.

III.     Conclusion

For the reasons stated above, it is hereby Ordered:

1. Plaintiff's motion to proceed *in forma pauperis* (D. 7) is ALLOWED. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $52.33. The remainder of the fee, $297.67, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

2. Plaintiff shall file an amended complaint if he can assert facts that cure the substantive deficiencies set forth above, by September 11, 2017. Summonses shall not issue without further Order of the Court.

3. Failure to comply with this Order will likely result in dismissal of this action.

**SO ORDERED.**

    /s/ Denise J. Casper
Denise J. Casper
UNITED STATES DISTRICT JUDGE